OHLSON, Judge,
with whom BAKER, Chief Judge, joins (dissenting):
I concur with the majority’s observation that the trial counsel “repeatedly and persistently elicited improper testimony, despite repeated sustained objections as well as admonition and instruction from the military judge.” I also concur with the majority’s determination that the trial counsel’s actions constituted prosecutorial misconduct. Where I differ is on the question of whether the trial counsel’s “significant,” “repeated,” “pervasive,” “sustained,” “persistent,” and “severe” misconduct materially prejudiced Appellant’s right to a fair trial. I believe it did.
I readily acknowledge that the military judge in this ease repeatedly gave curative instructions to the panel in most of the many instances where the trial counsel engaged in prosecutorial misconduct, and that he also appropriately provided the panel with a comprehensive instruction at the end of the court-martial explaining to the members that they could not consider evidence that was the subject of sustained objections. Further, I concede that “[ajbsent evidence to the contrary, court members are presumed to comply with the military judge’s instructions.” United States v. Thompkins, 58 M.J. 43, 47 (C.A.A.F.2003). However, I also note that, consistent with this Court’s precedent, “[Pjroseeutorial misconduct by a trial counsel will require reversal when the trial counsel’s comments, taken as a whole, were so damaging that we cannot be confident that the members convicted the appellant on the basis of the evidence alone.” United States v. Fletcher, 62 M.J. 175, 184 (C.A.A.F.2005) (emphasis added). In my view, such is the case here.
As documented by the majority, during this court-martial trial counsel engaged in prosecutorial misconduct virtually from start to finish. In her opening statement, case-in-ehief, closing argument, and sentencing argument, trial counsel either injected improper character evidence (which is of particularly grave concern), elicited improper hearsay evidence, or made improper arguments. (For example, trial counsel opined to the panel members: “The accused is like a criminal infection that is a plague to the Marine Corps.”) Indeed, even by the Government’s own accounting, trial counsel’s actions prompted the military judge to sustain defense counsel’s objections fifteen times, give the panel members curative instructions sev *165 en times, and convene Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2012), sessions to discuss objectionable material four times.[1]
The military judge’s admonishments to trial counsel during the course of this court-martial are also quite telling. For example:
• MJ: “I’m tired of having the members being exposed to basically character evidence that’s not admissible.”
• MJ: “My concern here is that you are getting into all these potential bad acts that aren’t specific to the charged offenses, which would blow this ease up.”
• MJ: “I am concerned that the jury’s been tainted by hearing evidence that [the Accused] was taking schizophrenia medication.”
• MJ: “What you can’t do is get into a bunch of evidence that the accused is a druggy and, therefore, he probably used some drug at some point.”
The attentiveness of the military judge to trial counsel’s repeated prosecutorial misconduct was admirable, and his admonishments and attempted remedial measures were appropriate. Ultimately, however, they were not sufficient. I echo the sentiments of the United States Court of Appeals for the Eleventh Circuit in United States v. Crutchfield: “When improper inquiries and innuendos permeate a trial to such a degree as occurred in this case, [I] do not believe that instructions from the bench are sufficient to offset the prejudicial effect suffered by the accused.” 26 F.3d 1098, 1103 (11th Cir.1994).
On this record I “cannot be confident that the members convicted the appellant on the basis of the evidence alone.” Fletcher, 62 M.J. at 184. Therefore, I respectfully dissent and would authorize a rehearing on all charges.

.. The nagging — if unspoken — question in this case is, “Where was the chief of justice?” As noted by the majority, trial counsel appeared to be not only "inexperienced” but also "unsupervised,” and she "repeatedly appeared unable to either understand or abide by the military judge’s rulings and instructions.” The' issue of why this trial counsel did not receive the level of supervision, guidance, assistance, instruction, and training that she so obviously needed is not a matter before this Court. However, I find it appropriate to note that the responsibility to protect a ser-vicemember’s constitutional right to a fair trial does not rest solely with the lone trial counsel advocating in the courtroom; it extends to the chief of justice and to other supervisory officers as well.